CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 22, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Mark L. Tatum, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:26-cv-00437 |
| | ) | |
| Lt. Jackie Bird | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Sgt. Justin Louis, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark L. Tatum, an individual incarcerated in Virginia proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Tatum asserts a claim arising from the Patrick County Jail charging him a co-pay for medication that was provided to him at no charge under Medicaid prior to his detention. (Dkt. 1 at 2.) He asks that the court "look into" this matter for him. (*Id.* at 3.) Tatum submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (*See* Dkts. 2, 4.)

While the court finds that Tatum qualifies to proceed without prepayment of fees or costs, it also finds that the complaint is frivolous and fails to state a claim upon which relief could be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I.    Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted" or that it is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006).  This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).  *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).  Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face, *see Iqbal*, 556 U.S. at 678.

## II.    Analysis

Tatum's complaint alleges only that Defendant Jackie Bird told him he would be charged for medication.  No allegations relate to Defendant Justin Louis.

Liability under § 1983 is personal, meaning that a complaint must specify the individual actions or inactions of each named Defendant that give rise to relief.  *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  Dismissal of a defendant named only in the caption of the case is appropriate when the complaint fails to include any allegations specific to that defendant.  *See Harris v. City of Virginia Beach*, 11 F. App'x 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).  Accordingly, Tatum failed to state a plausible claim against Defendant Louis.

As to Defendant Bird, Tatum does not identify the legal basis for his complaint.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Tatum's complaint fails to present a basis for a viable § 1983 claim.  *See Davis v. Shompt*, No. 8:25-cv-02550, 2025 WL 3164210, at *10 (D.S.C. June 20, 2025), *report and recommendation adopted sub nom. Davis v. Long*, No. 8:25-cv-02550, 2025 WL 3159044 (D.S.C. Nov. 12, 2025) (dismissing similar claim given that "the allocation of the cost of medical care is matter of state law").  Further, no law or requirement appears to have been violated in any event.  Medicaid excludes coverage for medication for incarcerated individuals.  *See Ohio Dep't of Medicaid v. Price*, 864 F.3d 469, 472–73 (6th Cir. 2017) (explaining that "Medicaid's inmate exclusion, which prohibits federal financial participation (FFP) for state medical expenditures made on behalf of 'any individual who is an inmate of a public institution (except as a patient in a medical institution).'

42 U.S.C. § 1396d(a)(29)(A).").  States and localities are therefore permitted to charge incarcerated individuals for medication.  *See, e.g., Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) (upholding fees and rejecting argument "that charging inmates for medical care is *per se* unconstitutional").  Therefore, Defendant Bird could not be held liable under § 1983 for correctly advising Tatum about the law.  Finally, Tatum does not allege that he was denied any medication or that his medication related to a serious medical need, so he has not claimed any injury that could support a claim of deliberate indifference to serious medical needs.  *Davis*, 2025 WL 3164210, at *10 ("Only when medical care is denied to an inmate because of inability to make a co-payment are deliberate indifference concerns under the Eighth and Fourteenth Amendments implicated.").  Accordingly, the court finds Tatum's claim against Defendant Bird is frivolous.

### III.    Conclusion and Order

For these reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Tatum and **CLOSE** the case.

**IT IS SO ORDERED.**

**ENTERED** this 22nd day of June, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

-4-